"ACTIVELY ENGAGED IN THE PROFESSION OF COSMETOLOGY" Whether or not a person is "actively engaged in the profession of cosmetology" is a question of fact, not of law, and thus not properly determinable by the Office of the Attorney General. The Attorney General has received your request for an opinion wherein you ask, in effect, the following question: For the purposes of 59 O.S. 199.2 [59-199.2] (1971), what constitutes being "actively engaged in the profession of cosmetology." Title 59 O.S. 199.2 [59-199.2] (1971) reads in pertinent part as follows: "There is hereby created a State Board of Cosmetology which shall be composed of eight (8) members to be appointed by the Governor, one (1) member of which shall be appointed from each Congressional District of the state, the additional members shall be appointed at large. The members of said Board shall be citizens of this state, at least twenty-five (25) years of age, shall be high school graduates, and shall have had at least five (5) years' continuous practical experience in the practice of cosmetology in the State of Oklahoma. No member of said Board shall be a member of, affiliated with, or have any financial interest in any school of cosmetology while in office, nor shall any two (2) members of said Board be graduates of the same beauty school, nor shall they be organizers of or promote the organization of any cosmetic, beauty, or hairdressers' association; and each member of the Board must be actively engaged in the profession of cosmetology while serving upon the Board; in the event any such member retires or ceases to practice his or her profession during his or her term of membership on the Board, such terms shall automatically cease. "Upon the effective date of this act, the Governor shall appoint two members of said Board for a term of one (1) year, two members for a term of two (2) years, two members for a term of three (3) years, and two members for a term of four (4) years, and thereafter each member shall be appointed for a term of four (4) years. Each member shall serve until his or her successor is appointed and qualified or until such member becomes disqualified to serve under the provisions of this act. The members of said Board shall take the oath provided by law for public officials. Five (5) members of the Board shall constitute a quorum for the transaction of business. The Governor may remove any member of the Board at any time at his discretion. Vacancies shall be filled by appointment by the Governor for the unexpired portion of the term. Said Board shall organize by electing from its membership a Chairman and Vice-Chairman, each to serve for a period of one (1) year. The Chairman or the Vice-Chairman presiding at the meeting of the Board shall not be entitled to vote upon any question except in the case of a tie vote." This statute creates the State Board of Cosmetology and sets forth the requisite qualifications for membership on the Board. One of the qualifications set forth in the statute is that a prospective appointee to the Board must be actively engaged in the profession of cosmetology, with the statute further providing for automatic termination of membership on the Board upon the member's cessation of such active practice of the profession. The question of whether or not a person is actively engaged in the profession of cosmetology is one of fact, not of law. This question of fact would become an issue upon two primary occasions. It would initially arise when the Governor, as the legally constituted appointer of the members of the Board under Section 59 O.S. 199.2 [59-199.2], is required to make a determination as to the qualifications of his prospective appointee. Upon this occasion he should of course, satisfy himself that the prospective appointee is actively engaged in the profession of cosmetology. If he should be so satisfied and the person is appointed, the second occasion would be a continuing determination as to the individual's active engagement in the profession of cosmetology. This determination, would, by the terms of the statute, fall upon the individual member and the other members of the Board, the Governor, and any other interested party, due to the fact that cessation of the member's active practice of cosmetology calls for the automatic termination of his membership on the Board. When, and if, the fact question arises as to whether or not an individual is "actively engaged in the profession of cosmetology," those responsible for making such determination should consider the plain meaning of the phrase, in the light of its everyday usage, and such other factors as may be deemed appropriate under the particular circumstances involved. It is the opinion of the Attorney General that your question cannot be answered as a matter of law. At such time as an actual controversy arises as to whether or not a prospective or current member of the Board of Cosmetology is, or is not, actively engaged in the profession of cosmetology, it will become the duty of the aforementioned responsible parties to answer this question of fact and to take such action as deemed appropriate. (James R. Barnett)